**In the Matter of The LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Debtor.**

**No. 72–B–419.**

United States District Court, S. D. New York.

July 1, 1974.

John G. Troiano, Timothy V. Smith, New York City, for Trustee.

Jerome E. Sharfman, Dept. of Trans., Washington, D. C., for the United States of America.

Wilmer, Cutler & Pickering, Washington, D. C., for the United States Railway Association; William T. Lake, Washington, D. C. of counsel.

Michael D. McDonald, Albany, N. Y., for the State of New York.

Kenneth S. Levy, Deputy Atty. Gen., for the State of New Jersey.

Geoffrey N. Zeh, Washington, D. C., for the Railway Labor Executives Association.

James E. Howard, Philadelphia, Pa., for the Trustees of the Penn. Cent. Transp. Co.

Gordon P. MacDougall, Washington, D. C., for the Commonwealth of Pa.,

Richard B. Wachenfeld, Jersey City, N. J., for the Cent. Railroad of N. J.

## OPINION

ROBERT J. WARD, District Judge.

The Lehigh and Hudson River Railway Company ("the railroad") is presently in reorganization proceedings before this Court pursuant to § 77 of the Bankruptcy Act, 11 U.S.C. § 205 (" § 77"). On April 24, 1974, 374 F. Supp. 4, the Court determined, as required by § 207(b) of the Regional Rail Reorganization Act of 1973, Pub.L. 93–236, 45 U.S.C. §§ 743, 744 ("the Act") that the railroad is not independently reorganizable on an income basis under § 77 within a reasonable time, and that the public interest would be served by permitting it to participate under the Act.

The question now before this Court is whether the Act provides a process which is fair and equitable to the estate of the railroad. If the Act does not provide such a process, the Court is required by § 207(b) to dismiss the reorganization proceeding. If the Act does provide such a process, the Court must order that the railroad proceed with reorganization pursuant to its provisions, by transferring at least some of

its rail properties to the Consolidated Rail Corporation ("Conrail"). The assets to be transferred will be those chosen for inclusion in the final system plan. Under the Act, assets not so chosen may be sold or the States may subsidize those services they deem essential.

A hearing was held June 6, 1974, after notice to all parties in the § 77 proceeding and to all creditors of the railroad. The Penn Central Transportation Company ("Penn Central"), the Central Railroad of New Jersey ("CNJ"), and the Commonwealth of Pennsylvania, owners and creditors of the railroad, opposed inclusion as provided by the Act. The Trustee of the railroad, the United States of America, the United States Railway Association ("the Association"), and the States of New York, New Jersey and Connecticut supported the railroad's participation under the Act.

Subsequent to the hearing, a three-judge court sitting in the Eastern District of Pennsylvania held that §§ 304(f) and 303 of the Act are unconstitutional; and that because the effect of Section 207(b) precludes a form of liquidation under Section 77 of the Bankruptcy Act, it is constitutionally defective.

For the reasons set forth in that decision, which are equally applicable to this railroad, this Court determines that the Act does not provide a process of reorganization which is fair and equitable to the estate of the railroad. Unless and until the decision of the three-judge court and the resulting order dated June 25, 1974 [1] are reversed and vacated, this Court retains jurisdictitn over the proceedings for reorganization under § 77.

In the interim, the Trustee is directed to apply to the Secretary of Transportation for such assistance as is necessary for the continued provision of essential services by the railroad.

It is so ordered.

[1.] The order provides:

1. That the defendant, United States Railway Association, is enjoined from certifying a Final System Plan to the Special Court pursuant to Section 209(c) of the Regional Rail Reorganization Act of 1973.

2. That the defendants are enjoined from taking any action to enforce the provisions of Section 304(f) of the Regional Rail Reorganization Act of 1973, with respect to any abandonment, cessation, or reduction of service which has been or may hereafter be determined by a court of competent jurisdiction to be necessary for the preservation of rights guaranteed by the United States Constitution.

3. That all parties are enjoined from enforcing, or taking any action to implement, so much of Section 207(b) of the Regional Rail Reorganization Act of 1973 as purports to require dismissal of pending proceedings for reorganization under Section 77 of the Bankruptcy Act.

4. That a declaratory judgment be entered, declaring:

a. That Section 303 of the Regional Rail Reorganization Act of 1973 is null and void as contravening the Fifth Amendment of the United States Constitution insofar as it fails to provide compensation for interim erosion pending final implementation of the Final System Plan pursuant to the statute.

b. That Section 304(f) of the Regional Rail Reorganization Act of 1973 is null and void as violative of the Fifth Amendment of the United States Constitution, to the extent that it would require continued operation of rail services at a loss in violation of the constitutional rights of the owners and creditors of a railroad.

c. That so much of Section 207(b) of the Regional Rail Reorganization Act of 1973 as requires reorganization courts to dismiss pending proceedings under Section 77 of the Bankruptcy Act under the circumstances set forth in said Section 207(b) is null and void, as violative of Article I, Section 8, Clause 4 of the Constitution of the United States.

5. That the respective motions of the plaintiffs for partial summary judgment are granted in part, as set forth above, and in all other respects are denied.

6. That the defendants' motions for summary judgment are denied.

Connecticut General Insurance Corporation, et al. v. United States Railway Association, et al., Civil Action No. 74–189; Smith v. United States of America, et al., Civil Action No. 74–1107; Penn Central Company v. Brinegar, et al., Civil Action No. 74–1149 (E.D.Pa. June 25, 1974).